# PARKER *vs.* WAY.

A complaint under the statutes respecting the maintenance of bastard children, may be made by a married woman.

The mother, in such case, is not a competent witness to prove non-access by the husband; but, that being proved by other evidence, she is a competent witness to prove the criminal conversation.

*It seems* that such a complaint is well made by the wife alone, without joining her husband.

The nonjoinder of a husband in such a complaint could only be taken advantage of by plea in abatement, or special objection on that account.

The fact that the complainant is a married woman will not prevent a compromise which will be good as against the defendant.

Whether the husband could avoid such a settlement, made without his consent, *quære?*

If the married woman bring an action on a note, given her in settlement of a bastardy complaint, in her own name, the nonjoinder of her husband in the action can only be taken advantage of by plea in abatement.

The statute of Dec. 24, 1840, ch. 573, gives a married woman who is deserted by her husband authority to make a valid settlement of a complaint under the bastardy acts.

Parker *v.* Way.

Such a settlement by note is good, and the right to take and hold the note under that statute carries with it the right to sue it in her own name.

ASSUMPSIT on a promissory note, dated on the 20th day of May, A. D. 1842, made by the defendant for the sum of ninety dollars, payable to the plaintiff, Sally Parker, on demand, with interest.

Plea, the general issue.

The defendant offered evidence that about two years since the plaintiff was married to one Henry Parker. To prove the marriage, he offered a witness who testified that he was present at the marriage, which was solemnized before a justice of the peace. To this evidence of marriage the plaintiff objected.

It appeared that at the time of the marriage the plaintiff lived at Charlestown, and that, about three or four months after the marriage, her husband left her, and has not since that time contributed towards her support, nor has he been seen at Charlestown. In the month of May, 1842, he was seen at Merrimack, where he had resided several years with a woman who passed for his wife, by whom he had several children. Within a year or two, letters have been received from him, dated at Merrimack, and directed to his mother at Charlestown.

There was also evidence that about ten years since the plaintiff lived in Charlestown, in the family of a person who died in the year 1834 ; that since his death she has lived at a town in Vermont about thirty miles from Charlestown, and has also lived at Claremont and Drewsville, but that for three or four years past she has lived nearly all the time in Charlestown.

The defendant then offered in evidence an agreement, signed by the plaintiff, dated May 20, 1842, of which the following is a copy, viz :

" Whereas Sally Parker, of Charlestown, on the 19th day of May, A. D. 1842, before Enos Stevens, esquire, complained against Samuel Way, of Langdon, that she was with child, and that said child was likely to be born a bastard, and that Samuel Way was the father of said child, and that said child was begotten on or about the 19th day of February last : and the said Way, for the purpose of providing for the farther support and maintenance of

Parker *v.* Way.

the said child, has paid to the said Sally Parker the sum of ten dollars in cash and a note for the sum of ninety dollars, signed by said Samuel Way, and Marvin Way as surety:

" Now it is hereby agreed that the said note shall be placed in the hands of James C. Stebbins, to be by him delivered to the said Sally Parker, whenever the said child shall be born alive; but if the said child shall not be born alive within such time as in the ordinary course of nature it ought to be, then the said note is to be given up to the said Way to be cancelled."

It was admitted that the child was born alive and in due season, and that the note was thereupon delivered by Stebbins to the plaintiff.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court; upon which judgment is to be rendered, or it is to be set aside and a new trial granted.

*T. Leland,* for the defendant. 1. The plaintiff objects to the mode of proof of the marriage. The testimony of a person who was present and saw the ceremony, was *the best* evidence, and proof positive. 2 *Stark. Ev. (Pt.* 4,) 932, *Marriage.*

2. The marriage being proved, there is no reason to presume the husband's death or nonresidence in the State.

3. She can then only maintain this action by virtue of some statute. The act of Dec. 24, 1840, § 4, gives the wife, in case of the husband's deserting her, &c. a right to *hold* property which she may acquire, &c. but gives her no right to *sue and be sued* separately. The act of July 2, 1841, § 4, gives her the right to sue and be sued separately only when the husband is an alien, or citizen of another State. Before the Revised Statutes, (prior to which this action was commenced,) no action could be maintained by this plaintiff without joining her husband.

4. This note, having been given as a compromise of a complaint for bastardy, is void. The woman was a married woman. It was with reference to an act of adultery, as well by statute as at common law. *N. H. Laws* 147, § 2, (*Ed.* 1830.) A note given on such consideration is void. 4 *N. H. Rep.* 153, *Frost* vs. *Hull;* 5 *Ditto* 462, *Shaw* vs. *Dodge;* 9 *Ditto* 500, *Clough*

vs. *Davis;* [14 *Ditto* 133, *Allen* vs. *Deming;* 14 *Ditto* 294, *Lewis* vs. *Welch;*] 17 *Mass.* 258, 281, *Wheeler* vs. *Russell.*

A married woman cannot make such a complaint; she will not be admitted to testify as to her adultery. *Reeve's Dom. Rel.* 272. It is a rule founded on decency, morality and policy. 2 *Stark. Ev., Pt.* 4, 223, 224, *note h.* The sole evidence of a married mother shall not bastardize her child. 2 *Stark. Ev., Pt.* 4, 223, *note g;* 1 *Wils.* 340; *Peake's Cases* 32, *Stander* vs. *Stander.* If the husband countenance adultery in his wife, he can maintain no action therefor. *Buller's N. P.* 27; 1 *Esp. N. P., Pt.* 2, 213, 214. If the husband who permitted the act cannot, how can the wife who committed it?

A note given to a single woman for past seduction may be considered as given for a good consideration, but it must be for her seduction. Otherwise with a married woman. 4 *B. & A.* 650, *Bunnington* vs. *Wallace;* 6 *C. L. R.* 554.

This husband was within visiting distance, and could have had access; if so, she cannot have a bastard child. So are the authorities. *Buller's N. P.* 112; *Cowper* 594, *Goodright* vs. *Moss.*

Equity will not enforce the performance of a verbal promise by a single man, that he would settle an annuity on a married woman, with whom he had cohabited while she was separate from her husband. 1 *Mad. Rep.* 558; *Chitty on Cont.* 216.

But the case in 13 *Pick.* 284, *Wilbur* vs. *Crane,* is decisive on this point. There it was settled that a note, given under similar circumstances with this, was void and without consideration, and that if a complaint could be maintained at all, the husband must join.

*Cushing,* for the plaintiff. 1. The complaint might have been sustained. The statutes of 1840 and 1841 give a married woman a right to sue and be sued *alone.* The process could not have been abated by reason of the disability of the plaintiff. 2 *N. H. Laws* 488, 533, where the statutes cited may be found. 'The statute under which the complaint was made is general in its terms, and does not apply to unmarried women merely.

Parker *v.* Way.

*N. H. Laws* (*Ed.* 1830,) 295. Neither ought it to be confined to unmarried women. There is as much reason why one who has seduced a married woman should support the child of his sin, as though she were unmarried. *Rep. temp. Hard* 82, *Rex* vs. *Reading;* 8 *East* 203, *Rex* vs. *Luffe.* Increase of guilt ought not to avoid the penalty.

The fact that adultery is indictable does not alter the case. Fornication is also indictable. If it would be defeated on that account in the one case, so would it in the other.

For the law relating to the proof of bastardy, we refer the court to *Ed. Review, March,* 1829; 2 *Strange* 924, *Pendrell* vs. *Pendrell;* 3 *C. & P.* 215, *Morris* vs. *Davies.*

Our position is, that though the husband may have been within access, the jury may find non-access; or, if there was access, the jury may find that there was no intercourse of which the child could have been the offspring. And, though a married woman may not testify that her husband has had no access, if the jury find that fact, she *may* testify who is the father of the child. 8 *East* 203, *Rex* vs. *Luffe.*

2. The defeat of the complaint could, in any event, have been effected by the investigation of matters of fact only, and not otherwise. If the respondent, knowing himself to be the father of the child, chose deliberately to compromise rather than to defend, we cannot see why the consideration was not sufficient.

PARKER, C. J. The statutes respecting the maintenance of bastard children authorize a complaint by a married woman. 2 *Salk.* 483, *Rex* vs. *Albertson;* 8 *East* 193, 202, *Rex* vs. *Luffe.* A child may be shown to be a bastard, notwithstanding the mother is under coverture. The legitimacy is presumed until the contrary is proved. 2 *Stark. Ev.* 218. The mother is not a witness to prove non-access; but she is a competent witness to prove the criminal connection, non-access being proved by other evidence. 6 *Binney* 283, *Commonwealth* vs. *Shepherd.* 8 *East* 193, *The King* vs. *Luffe.* She is admitted for that purpose on a question of settlement.

We are inclined to the opinion that the complaint of the wife

is well, without joining the husband. The terms of the statute authorize a complaint by her. Nothing is said of joining the husband, and the reason of the thing shows that the case may form an exception. A case of this kind can rarely occur where the husband will take any interest in the proceedings, or when his interests can be injuriously affected by the legal proceedings. If the complaint of the wife alone is admitted to be valid under the statute, judgment may be rendered against her for costs, as if she were a *feme sole*. But however that may be, if the husband ought to have been joined, that matter could be taken advantage of only by plea in abatement, or by an objection to the proceedings on account of the nonjoinder.

The process therefore was legal. It was not a proceeding to obtain compensation for past cohabitation or adultery, nor was it founded on any illegal consideration. It had reference to a provision for the maintenance of the child, and an order of filiation might have been made on it. As the process is of a civil character, although the form of the proceedings is criminal, it is ordinarily competent for the parties, if they see fit, to settle the prosecution so far as the complainant is concerned. If, however, the complainant upon an adjustment declines to prosecute farther, by a provision of the statute the town may come in and prosecute.

The fact that the complainant is a married woman will not, we think, prevent the parties from entering into a compromise. If the husband interferes, perhaps his assent is necessary. Whether he might avoid a settlement made without his consent, we need not now consider. Provision for the maintenance of the child being the meritorious cause of the proceeding, the defendant, if he acknowledges his liability, may bind himself by a note to the wife, if the husband do not object.

The husband having made no election to avoid it, the note is valid against the maker. He cannot allege that the consideration is illegal. As it might have been shown that he was the father of the child and chargeable with its maintenance, the surceasing of the proceedings is a sufficient consideration for the note. We cannot concur in the opinion of the supreme court of Massachusetts, in *Wilbur* vs. *Crane*, 13 *Pick.* 290, that

upon a question whether the surceasing of process at law is a sufficient consideration for a promissory note, it is immaterial whether the process was void, or only voidable by plea in abatement. If only voidable by plea, the defendant might waive it and settle the claim, and the settlement would be good. It is said that tenants in common must join in trespass *quare clausum.* If one should sue alone, and the defendant should thereupon give a promissory note for his share of the damage claimed in consideration of the discontinuance of the suit, the nonjoinder would hardly be a good ground for avoiding the promise.

A note to the wife may be treated as a note to the husband. He may indorse or sue alone. But the wife may be joined in such case. *Story on Bills* 108, § 92 ; 2 *M. & S.* 392, *Philliskirk* vs. *Pluckwell.* The cause of action would seem to be one which would survive to him. If the wife might not have been joined, the objection of the coverture might have been taken on the trial. 2 *Stark. Ev.* 690 ; 1 *Chitty's Pl.* 436 ; 4 *D. & E.* 361, *Caudell* vs. *Shaw.* But as she might be joined, the objection of the nonjoinder of the husband, if there were no statute affecting the case, could only be taken in abatement. 2 *Stark. Ev.* 689 ; 3 *D. & E.* 631, *Milner* vs. *Milnes ; Com. Dig., Pleader,* 2, *A,* 1 ; 7 *Verm. R.* 508, *Lyman* vs. *Ellery ;* 13 *Pick.* 284, *Wilbur* vs. *Crane.*

Furthermore, by reason of the desertion of the husband this settlement was valid under our statute of Dec. 24, 1840, authorizing a wife to hold property she may acquire. Whatever may have been her previous conduct, it was not immoral for her to provide for the maintenance of the child with which she was pregnant. She might acquire property from the putative father, for that purpose. This note was property. She had a right to hold the property thus acquired, and as an incident the law enables her to sue upon it. When the law confers a right, it gives the means of enforcing it as an incident. 10 *N. H. Rep.* 305, *Cocheco Co.* vs. *Whittier ; Kittredge* vs. *Warren, Grafton, January term,* 1844, [14 *N. H. Rep.* 509.] That the husband is not an alien, and does not reside out of the State, and that the statute of 1841 is not applicable to the case, is therefore immaterial.

*Judgment for the plaintiff.*